## Joann M. SEEMUELLER, Plaintiff–Appellant,

v.

## NON–CONTRIBUTORY NATIONAL LONG TERM DISABILITY PROGRAM and Blue Cross and Blue Shield Association, Defendants–Appellees.

### Docket No. 99–9531.

United States Court of Appeals, Second Circuit.

Oct. 9, 2002.

Joann M. Seemueller, pro se, Derby, NY, for Appellant.

John T. Murray, Seyfarth Shaw, Atlanta, GA, for Appellees.

Present CARDAMONE, MINER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Joann Seemueller appeals from an order and judgment of the United States District Court for the Western District of New York (Skretny, J.) granting defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). Plaintiff claims that defendants Blue Cross/Blue Shield and the Non–Contributory National Long Term Disability Program wrongly denied her application for long-term disability benefits, and argues that defendants erroneously failed to consider the medical opinions of plaintiff's physicians.

We review a district court's grant of summary judgment *de novo*, and resolve all ambiguities and draw all factual inferences in favor of the non-moving party. *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 121 (2d Cir.2002). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

This Court has held that when, as here, an ERISA plan gives the plan administrator discretionary authority to determine eligibility for benefits, a denial of benefits may be overturned only if it is "arbitrary and capricious"—that is, if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir.1999) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995)) (internal quotation marks omitted). The district court noted below that defendants' decision to deny plaintiff's application for benefits was supported by ample evidence, including surveillance tapes and physical examinations by medical professionals. The district court further held that the medical reports of plaintiff's physicians were "inconsistent and not based upon objective medical evidence." We reach the same conclusions based on our own independent review of the record, and

agree with the district court that the denial of benefits was not arbitrary and capricious.

The district court's judgment is hereby AFFIRMED for substantially the reasons stated below.